1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  Farrah Grant (SBN 293898)
     farrah@setarehlaw.com
4  SETAREH LAW GROUP
   315 S. Beverly Dr,, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   SUSANA DIAZ

8

9              UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

12

| 13 SUSANA DIAZ, on behalf of herself, all others similarly situated, | Case No. 4:20-CV-01333-YGR |
|---|---|
| 14 | |
| 15              *Plaintiff*, | **CLASS ACTION** |
| 16        vs. | **FIRST AMENDED COMPLAINT** |
| 17 RESCARE, INC., a Kentucky Corporation; RSCR CALIFORNIA, INC., a Kentucky Corporation; and DOES 1 through 50, inclusive, | 1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); |
| 18 | 2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198); |
| 19              *Defendants*. | 3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); |
| 20 | 4.  Failure to Pay Vacation Wages (Lab. Code § 227.3); |
| 21 | 5.  Failure to Pay Sick Time (Lab. Code §§ 246 *et seq.*) |
| 22 | 6.  Failure to Indemnify (Lab. Code § 2802); |
| 23 | 7.  Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a)); |
| 24 | 8.  Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); |
| 25 | 9.  Civil Penalties (Lab. Code §§ 2698 et **JURY TRIAL DEMANDED** |

26

27

28

---

FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiff SUSANA DIAZ ("Plaintiff"), on behalf of herself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action against Defendants for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have

(1)     failed to provide her and all other similarly situated individuals with meal periods;

(2)     failed to provide them with rest periods;

(3)     failed to pay them premium wages for missed meal and/or rest periods;

(4)     failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5)     failed to pay them at least minimum wage for all hours worked;

(6)     failed to pay them overtime wages at the correct rate;

(7)     failed to pay them double time wages at the correct rate;

(8)     failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(9)     failed to pay them for all vested vacation pay;

(10)     failed to provide them paid sick days;

(11)     failed to reimburse them for all necessary business expenses;

(12)     failed to provide them with accurate written wage statements; and

(13)     failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of herself, all others similarly situated.

///

///

**JURISDICTON AND VENUE**

2.    Defendant asserts that this Court has jurisdiction over this case pursuant to the Class Action Fairness Act.

3.    Venue is proper in the County of San Francisco where the state court complaint was filed pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

4.    Venue is proper in San Francisco because Defendants' principal place of business is in Kentucky, is incorporated under the laws of Delaware, does business in San Francisco County, and has not registered a California place of business with the California Secretary of State.  As such, venue is proper in any county in California.

5.    This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged.

**PARTIES**

6.    Plaintiff SUSANA DIAZ is, and at all relevant times mentioned herein, an individual residing in the State of California.

7.    Plaintiff is informed and believes, and thereupon alleges that Defendant RESCARE, INC. is, and at all relevant times mentioned herein, a Kentucky corporation doing business in the State of California.

8.    Plaintiff is informed and believes, and thereupon alleges that Defendant RSCR CALIFORNIA, INC. is, and at all relevant times mentioned herein, a Kentucky corporation doing business in the State of California.

9.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

10.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## CLASS ALLEGATIONS

12.    This action has been brought and may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

13.    **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

**Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Sick Pay Sub-Class:**  All persons employed by Defendants in California who earned paid sick days, without receiving compensation for each vested paid sick day during the **Relevant Time Period.**

**Vacation Pay Sub-Class**:  All persons employed by Defendants in California who earned paid vacation days, including but not limited to, "Floating Holidays," without receiving compensation for each vested paid vacation day during the **Relevant Time Period**

**UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

**Expense Reimbursement Class**:  All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

14.    **Reservation of Rights**:  Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

15.    **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity.

16.    **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

        A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

        B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

        C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

        D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

        E.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

        F.    Whether Defendants used payroll formulas that systematically fail to account

for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

G. Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

H. Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

I. Whether Defendants failed to provide proportionate accruals for vested vacation time for class members as required by California law;

J. Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

K. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

L. Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

M. Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

17. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

18. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

19.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

21.    Plaintiff worked for Defendants as a caregiver in which position she was a non-exempt, hourly employee from approximately August 26, 2018 through December 9, 2018.

### Meal/Rest Periods

22.    Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods; (3) Defendants' policy of requiring Plaintiff and the putative class to always remain attentive to the needs of the client and work through the entirety of their shifts; and (4) pressure from Defendants on to work through the entirety of their scheduled shifts.  At no point during their tenure with Defendants did Plaintiff and the putative class ever have the ability to exercise their statutory right to take a meal period as they would be performing work related duties the entirety of the time they spent at the homes of their clients.

23.     Plaintiff and the putative class members were assigned to various elderly clients to assist them with their daily home tasks.  Specifically, Plaintiff and the putative class would be responsible for cleaning their client's homes, doing their laundry, and assisting them with any other household chores.  Plaintiff and the putative class would spend about 50% of their time at the homes of their clients performing these activities, with the other 50% being spent serving as a personal attendant to their clients.  Due to the nature of their work and the high demands of their clients, Plaintiff and the putative class would be far too overwhelmed with household chores while they were at the homes of their clients in a manner that made it impossible for them to take any meal periods.

24.     Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) no formal written rest period policy that encouraged employees to take their rest periods; and (3) Defendant's practice of requiring Plaintiff and the putative class to always remain attentive to the needs of the client and work through the entirety of their shifts.  Plaintiff and the putative class at no point during their tenure with Defendants were afforded the opportunity to take a rest period.

25.     Plaintiff and the putative class were required to work uninterrupted and without any duty-free time whilst at the homes of their clients.  The time spent at their client's homes would be spent performing household chores such as cleaning and doing laundry which left Plaintiff and the putative class with no time to exercise their statutory right to take rest periods.

26.     As Plaintiff and the putative class were made to always be attentive to the needs of the clients and always be on the clock while at job sites, the practical effect of Defendants' policy resulted in Plaintiff and the putative class staying on the premises and otherwise not exercising their right to leave the facility as it would intrude into their meal and rest periods.

27.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' requirements that required Plaintiff and the putative class to utilize the time that would otherwise be spent on meal and rest periods working with

clients while they were at the job sites.

**Clock In Process**

28.     Plaintiff and putative class was trained to clock in for each work shift using the "POC Telephony App" on their phones.  Plaintiff and the putative class were required to log into the app and wait for it to boot up and clock them in.  It generally took approximately two to five minutes for it to appropriately clock employees in.  Therefore Plaintiff and the putative class were not paid for all hours worked.

29.     Frequently, the app would experience problems which meant that employees had to call into the main RESCARE office to clock in which would take up to ten minutes to complete. The entire time spent clocking in through this method would not be accurately recorded and therefore resulted in Plaintiff and the putative class not being paid for all hours worked while waiting to be clocked in appropriately.

**Off-the-Clock Work**

30.     Plaintiff and the putative class were not paid all wages earned as Defendants directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

31.     Plaintiff and the putative were on a daily basis made to work though their statutorily authorized meal and rest periods and at no point were allowed to take any time away from their job duties at the homes of their clients.   Furthermore, plaintiff and the putative class were made to travel to the job sites, frequently as far as two hours away from their respective homes, and were not compensated for the time spent traveling to and from the homes of their clients.

32.     As a result of performing off-the-clock work that was directed, permitted or otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this time.  Instead, Defendants only paid Plaintiff and the putative class based on the time they were clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent working off-the-clock.

33.     Defendants knew or should have known that Plaintiff and the putative class were performing work before and after their scheduled work shifts and failed to pay Plaintiff and the

putative class for these hours.

34.    Defendants were aware of this practice and directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

35.    As a result of Defendants' policies and practices, Plaintiff and the putative class were not paid for all hours worked.

**Vacation Pay**

36.    Plaintiff and the putative class accrued vacation wages during their employment with Defendants.

37.    Under California law, vacation wages are considered a form of wages under Labor Code section 200.  Vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

38.    At all relevant times, Defendants maintained policies that provide for the unlawful forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic Dress-Up Co.*, (1982) 31 Cal. 3d 774.

39.    Plaintiff and the putative class are entitled to vacation accrued during their employment with Defendants.  Upon termination, Plaintiff and the putative class were not paid out all accrued vacation pay.

**Sick Pay**

40.    Beginning July 1, 2015, Defendants were obligated to provide all of its employees with paid sick days pursuant to Labor Code section 245, et seq.  Plaintiff and the putative class missed days from work due to permissible reasons as stated in Labor Code section 246.5.  Defendants failed to Pay Plaintiff and the putative class for missed days occasioned by the reasons permitted by law.

41.    Specifically, Plaintiff called Defendants on November 28, 2018 stating that she had contracted bronchitis due to the fact that she had been inhaling second-hand smoke at a client's home and that she would not be able to come into work for the day.  Instead of providing Plaintiff with a paid sick day that she had accrued at that point, Defendants instead elected to tell Plaintiff to

stay home, not pay her, and told her to wear a breathing mask next time that she was at the client's home.  A week later, on December 4, 2018, Plaintiff called Defendants again informing them that she had to go to the hospital due to excessive menstrual bleeding and would not be able to come into work.  Instead of providing a paid sick day to Plaintiff, Defendants elected not to pay her for the day and told her that she was going to have her hours cut if she called in sick again.  Plaintiff provided a doctor's note for both of the above-mentioned incidents and Defendants at no point provided Plaintiff with any sick pay.  Upon information and belief, other employees experienced the same or similar issues whenever they would attempt to exercise a paid sick day.

**Expense Reimbursement**

42.    Plaintiff and the putative class members were required to utilize their own personal tools to perform their job duties.  Specifically, Plaintiff and the putative class members were made to use their own personal vehicles to travel to and from job sites.  Furthermore, Plaintiff was made to purchase a new more reliable car upon being admonished and threatened with termination following an incident of car trouble.  Plaintiff and the putative class would spend at least three days out of their work weeks visiting the homes of multiple clients.  Plaintiff specifically would visit one client for the entire day on Mondays and Wednesday and would go to the homes of several clients on Tuesday, Thursday, and Friday.  Plaintiff would have total travel times of up to two hours each day that she would have to visit multiple clients and did not receive proper reimbursements for such expenses.

43.    Plaintiff and the putative class members were not reimbursed for business expenses incurred in performing their job duties.  Specifically, they were not reimbursed for gasoline expenses and the costs associated with the constant wear and tear on their vehicles that resulted from their daily travels that would take up to two hours each way.  Furthermore, Plaintiff received no reimbursement for the vehicle that she was made to purchase as a result of the driving demands of the job rendering her old automobile unusable for professional purposes.

44.    Plaintiff and the putative class additionally were made to utilize their own personal cellular phones for business related duties.  Specifically, Plaintiff and the putative class were required by Defendants to clock in and out on an application called the "POC Telephony App" on

their personal phones every day.  Additionally, all work-related correspondence between Defendant and Plaintiff and the putative class would be conducted on their personal cell phones.  At no point during their tenures with Defendants were Plaintiff and the putative class ever reimbursed for the expenses associated with their having to use their personal cellular phones to perform their work duties.

45.    Plaintiff and the putative class members were required to purchase and maintain scrubs as their uniforms at their own expense at the direction of the Defendants.  Defendants at no point made any reimbursements to Plaintiff and the putative class for the costs associated with purchasing and maintaining their uniforms

46.    Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

### **Wage Statements**

47.    Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

48.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

49.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

50.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

51.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

**(Plaintiff and Meal Period Sub-Class)**

52.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

53.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

54.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

55.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

56.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

57.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

58.     Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that

12

1    the employee may, in writing, revoke the agreement at any time."

2    59.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

3    agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

4    members were not subject to valid on-duty meal period agreements with Defendants.

5    60.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

6    Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

7    **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for

8    each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

9    Order.

10    61.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

11    Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

12    **Class** members when they worked five (5) hours without clocking out for any meal period.

13    62.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

14    Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

15    **Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and

16    failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

17    63.    Moreover, Defendants written policies do not provide that employees must take their

18    first meal period before the end of the fifth hour of work, that they are entitled to a second meal

19    period if they work a shift of over ten hours, or that the second meal period must commence before

20    the end of the tenth hour of work, unless waived.

21    64.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

22    **Class** members additional premium wages, and/or were not paid premium wages at the employees'

23    regular rates of pay when required meal periods were not provided.

24    65.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

25    and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

26    and costs of suit.

27    66.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

28    substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the

**Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>SECOND CAUSE OF ACTION</u>

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

67.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

68.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

69.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

70.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

71.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

72.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

73.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

74.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

75.    Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

76.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

77.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>**THIRD CAUSE OF ACTION**</u>

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

78.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

79.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

80.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

81.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

82.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

83.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

1    damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

2    addition to the underlying unpaid minimum wages and interest thereon.

3        84.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

4    than the minimum wage required under the applicable Wage Order for all hours worked during a

5    payroll period.

6        85.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

7    person acting either individually or as an officer, agent or employee of another person, to pay an

8    employee, or cause an employee to be paid, less than the applicable minimum wage.

9        86.    Labor Code section 1198 makes it unlawful for employers to employ employees

10   under conditions that violate the applicable Wage Order.

11       87.    Labor Code section 204 requires employers to pay non-exempt employees their

12   earned wages for the normal work period at least twice during each calendar month on days the

13   employer designates in advance and to pay non-exempt employees their earned wages for labor

14   performed in excess of the normal work period by no later than the next regular payday.

15       88.    Labor Code section 223 makes it unlawful for employers to pay their employees

16   lower wages than required by contract or statute while purporting to pay them legal wages.

17       89.    Labor Code section 510 and Section 3 of the applicable Wage Order require

18   employees to pay non-exempt employees overtime wages of no less than one and one-half times

19   their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

20   hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

21   the seventh consecutive day of one workweek.

22       90.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

23   employers to pay non-exempt employees overtime wages of no less than two times their respective

24   regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

25   worked in excess of eight hours on a seventh consecutive workday during the workweek.

26       91.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

27   centrally devised policies and practices to her and **Hourly Employee Class** members with respect

28   to working conditions and compensation arrangements.

92.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

93.     Section 9 of the applicable Wage Order states:

> "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.  The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

94.     If the employer does not choose to maintain employees' uniforms itself where it is required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic estimate of the time involved in maintaining the uniform.

95.     At all relevant times during the applicable limitations period, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate Plaintiff with minimum and/or overtime wages for all hours she worked as a result of its failure to maintain employee uniforms and/or pay her a weekly maintenance allowance.

96.     Plaintiff is informed and believes that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate **Hourly Employee Class** members with minimum and/or overtime wages for all hours they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly maintenance allowance.

97.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

98.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period,

including overtime wages.

99.     Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

100.     At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect, among other things, time spent working through meal and rest periods and time spent working overtime as required by Labor Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants paid her premium wages in lieu of meal and/or rest periods.

101.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of paying **Hourly Employee Class** members premium wages based on rates of compensation that have not reflected time spent working through meal and rest periods and time spent working overtime as required by Labor Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants paid them premium wages in lieu of meal and/or rest periods.

102.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION

### FAILURE TO PAY VACATION WAGES

### (Lab. Code § 227.3)

### (Plaintiff and Vacation Pay Class)

103.     Plaintiffs incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

104.     California Labor Code section 227.3 provides:

Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of

employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

105.    At all relevant times during the applicable limitations period, Plaintiffs and members of the **Vacation Pay Class** accrued vacation time during their employment with Defendants.

106.    As a result of their reimbursement policies and practices, Plaintiffs are informed and believes and thereon alleges that Defendants failed to reimburse her and **Vacation Pay Class** members for all accrued vacation wages.

107.    By reason of the above, Plaintiffs and the members of the **Vacation Pay Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

108.    Plaintiffs, on behalf of themselves and the members of the **Vacation Pay Class**, seeks interest thereon pursuant to California Labor Code section 218.6, costs pursuant to California Labor Code section 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE SICK PAY

### (Lab. Code §§ 245, et seq.)

### (By Plaintiff and Sick Pay Class)

109.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

110.    Labor Code section 246(a)(1) states in pertinent part:

"An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section."

111.    Labor Code section 246(b)(1) states in pertinent part:

"An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operate date of this article, whichever is later, subject to the use and accrual limitations set forth in this

section."

112.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of not paying **Sick Pay Class** members paid sick days as required by Labor Code § 245, et seq. during their employment when they were out due to covered reasons.

113.    By reason of the above, Plaintiff and the members of the **Sick Pay Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

114.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Sick Pay Class** members, seeks to recover reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (Plaintiff and Expense Reimbursement Class)

115.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

116.    Labor Code section 2802(a) states:

> "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

117.    At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business related expenses and costs, including but not limited to, the use of personal cellphones for work purposes, the costs associated with gasoline and mileage, vehicle wear and tear, the purchase of new automobiles for business related use, and the purchase and maintenance of their uniforms.

118.    Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all

necessary business expenses incurred in the discharge of their duties.

119.     Pursuant to Labor Code section 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form and make of uniforms required to be worn by their employees.

120.     Section 9 of the applicable Wage Order states:

> "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.  The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

121.     At all relevant times during the applicable limitations period, Defendants required Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care.  Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such expenditures.

122.     At all relevant times during the applicable limitations period, Defendants required Plaintiff and **Expense Reimbursement Class** members to purchase and maintain uniforms and apparel unique to Defendants at their expense.  Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such expenditures.

123.     Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense Reimbursement Class** members for all necessary business expenses.

124.     Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

125.     Plaintiff, on behalf of herself, and **Expense Reimbursement Class** members, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

1

<u>SEVENTH CAUSE OF ACTION</u>

2

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

3

**(Lab. Code § 226)**

4

**(Plaintiff and Wage Statement Penalties Sub-Class)**

5        126.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

6    herein.

7        127.    Labor Code section 226(a) states:

8        "An employer, semimonthly or at the time of each payment of wages, shall furnish to
         his or her employee, either as a detachable part of the check, draft, or voucher paying

9        the employee's wages, or separately if wages are paid by personal check or cash, an
         accurate itemized statement in writing showing (1) gross wages earned, (2) total

10       hours worked by the employee, except as provided in subdivision (j), (3) the number
         of piece-rate units earned and any applicable piece rate if the employee is paid on a

11       piece-rate basis, (4) all deductions, provided that all deductions made on written
         orders of the employee may be aggregated and shown as one item, (5) net wages

12       earned, (6) the inclusive dates of the period for which the employee is paid, (7) the
         name of the employee and only the last four digits of his or her social security

13       number or an employee identification number other than a social security number,
         (8) the name and address of the legal entity that is the employer and, if the employer

14       is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name
         and address of the legal entity that secured the services of the employer, and (9) all

15       applicable hourly rates in effect during the pay period and the corresponding number
         of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if

16       the employer is a temporary services employer as defined in Section 201.3, the rate
         of pay and the total hours worked for each temporary services assignment.  The

17       deductions made from payment of wages shall be recorded in ink or other indelible
         form, properly dated, showing the month, day, and year, and a copy of the statement

18       and the record of the deductions shall be kept on file by the employer for at least
         three years at the place of employment or at a central location within the State of

19       California.  For purposes of this subdivision, 'copy' includes a duplicate of the
         itemized statement provided to an employee or a computer-generated record that

20       accurately shows all of the information required by this subdivision."

21       128.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize

22    the "detachable part of the check" provision and the "accurate itemized statement in writing"

23    provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each

24    employee retains the right to elect to receive a written paper stub or record and that those who are

25    provided with electronic wage statements retain the ability to easily access the information and

26    convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion

27    Letter July 6, 2006).

28       129.    Plaintiff is informed and believes that, at all relevant times during the applicable

1 limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**

2 members with written wage statements as described above.

3     130.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage**

4 **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in

5 that Defendants have the ability to provide them with accurate wage statements but have

6 intentionally provided them with written wage statements that Defendants have known do not

7 comply with Labor Code section 226(a).

8     131.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,

9 in that Defendants have violated their legal rights to receive accurate wage statements and have

10 misled them about their actual rates of pay and wages earned.  In addition, inaccurate information

11 on their wage statements have prevented immediate challenges to Defendants' unlawful pay

12 practices, has required discovery and mathematical computations to determine the amount of wages

13 owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

14 has led to the submission of inaccurate information about wages and deductions to federal and state

15 government agencies.

16     132.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage**

17 **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

18 initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

19 subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

20 aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

21 and costs.

22 **EIGHTH CAUSE OF ACTION**

23 **UNFAIR COMPETITION**

24 **(Bus. & Prof. Code §§ 17200 *et seq*.)**

25 **(Plaintiff and UCL Class)**

26     133.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

27 herein.

28     134.    Business and Professions Code section 17200 defines "unfair competition" to

1    include any unlawful business practice.

2        135.    Business and Professions Code section 17203-17204 allow a person who has lost

3    money or property as a result of unfair competition to bring a class action in accordance with Code

4    of Civil Procedure section 382 to recover money or property that may have been acquired from

5    similarly situated persons by means of unfair competition.

6        136.    California law requires employers to pay hourly, non-exempt employees for all hours

7    they are permitted or suffered to work, including hours that the employer knows or reasonable

8    should know that employees have worked.

9        137.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

10    SECOND, THIRD, FOURTH, FIFTH, and SIXTH causes of action herein.

11        138.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

12        139.    Defendants have or may have acquired money by means of unfair competition.

13        140.    Plaintiff is informed and believes and thereupon alleges that by committing the

14    Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

15    216, 225, 226.6, 245, 354, 408, 553, 1175, 1199 and 2802,.

16        141.    Defendants have committed unlawful business practices through their policies and

17    practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to

18    provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes

19    for each work period of five or more hours, by failing to pay non-exempt employees for all hours

20    worked, by failing to compensate employees for accrued paid sick days, and by failing to reimburse

21    them for all expenses.

22        142.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

23    employees and entitled to the full protections of both the Labor Code and the applicable Wage

24    Order.

25        143.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

26    constitutes unfair competition within the meaning of Business and Professions Code section 17200

27    *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

28    and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on behalf of similarly situated persons in a class action proceeding.

144.    As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

145.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

146.    Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

147.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

148.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the FCRA; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the FCRA.

149.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

150.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

1   belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

2   and unfair business practices.

3     151. Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

4   herself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

5   belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

6   and unfair business practices.

7     152. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

8   and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

9   reasonable attorneys' fees in connection with their unfair competition claims.

10   <u>**NINTH CAUSE OF ACTION**</u>

11   **CIVIL PENALTIES**

12   **(Lab. Code §§ 2698 et seq)**

13     153. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

14   herein.

15     154. During the applicable limitations period, Defendants have violated Labor Code

16   sections  203204, 223, 226(a), 226.7, 510, 512, 558, 1197, 1197.1, 1198, 1199 and 2802.

17     155. Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of

18   herself and other current and former employees, to bring a representative civil action to recover

19   civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need

20   not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

21     156. Plaintiff, a former employee against who Defendants committed one or more of the

22   alleged Labor Code violations during the applicable limitations period, is an aggrieved employee

23   within the meaning of Labor Code section 2699(c).

24     157. Plaintiff has complied with the procedures for bringing suit specified in Labor Code

25   section 2699.3.

26     158. Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil

27   penalties for Defendants' violations of Labor Code sections 204, 223, 226(a), 226.7, 510, 512, 558,

28   1197, 1197.1, 1198, 1199 and 2802:

A.    For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194, 1198 and 2802 , $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

B.    For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

C.    For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

D.    For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

E.    For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation.  Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.  For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.  For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

H.  Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable attorneys' fees and costs in connection with her claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, prays for relief and judgment against Defendants as follows:

(1)  An order that the action be certified as a class action;

(2)  An order that Plaintiff be appointed class representative;

(3)  An order that counsel for Plaintiff be appointed class counsel;

(4)  Unpaid wages;

(5)  Actual damages;

(6)  Liquidated damages;

(7)  Restitution;

(8)  Declaratory relief;

(9)  Pre-judgment interest;

(10)  Statutory penalties;

(11)  Civil penalties;

(12)  Costs of suit;

(13)  Reasonable attorneys' fees; and

1     (14)    Such other relief as the Court deems just and proper.

2

3                    **DEMAND FOR JURY TRIAL**

4          Plaintiff, on behalf of herself, all other similarly situated, hereby demands a jury trial on all

5     issues so triable.

6

7     Dated:  March 23, 2020                    SETAREH LAW GROUP

8

9

10                                    _____/s/_____

11                                    SHAUN SETAREH
                                      THOMAS SEGAL
                                      FARRAH GRANT
12                                    Attorneys for Plaintiff
                                      SUSANA DIAZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT