**HAWKINS PARNELL & YOUNG, LLP**
**Phil J. Montoya, Jr. (SBN 124085)**
445 South Figueroa Street, Suite 3200
Los Angeles, CA 90071-1651
Telephone:  (213) 486-8000
Facsimile:   (213) 486-8080
pmontoya@hpylaw.com

**Ronald G. Polly, Jr., admitted *pro hac vice***
Georgia Bar No. 538264
rpolly@hpylaw.com
**Matthew A. Boyd, admitted *pro hac vice***
Georgia Bar No. 027645
mboyd@hpylaw.com
303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308
Telephone:    (404) 614-7400
Facsimile:     (404) 614-7500

*Attorneys for Defendants ResCare, Inc. and RSCR California, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| SUSANA DIAZ, on behalf of herself, all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>RESCARE, INC., a Kentucky Corporation; RSCR CALIFORNIA, INC., a Kentucky Corporation; and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No. 4:20-cv-01333-YGR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; REQUEST FOR JUDICIAL NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   July 28, 2020<br>Time:   2:00 p.m.<br>Courtroom: 1<br>Judge:   Yvonne Gonzalez Rogers<br><br>Complaint filed January 16, 2020 |

**TO THE HONORABLE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

  PLEASE TAKE NOTICE that on July 28, 2020 at 2:00 p.m., in Courtroom 1 of the Ronald

V. Dellums Federal Building & United States Courthouse, 1301 Clay Street Oakland, California

1

94612, pursuant to Federal Rule of Civil Procedure 12(c), Defendants ResCare, Inc. and RSCR California, Inc. will move this Court for an order entering partial judgment on the pleadings in their favor on Plaintiff Susana Diaz's fifth cause of action alleging failure to provide sick pay under California Labor Code §§ 245, *et seq.*

Date: June 16, 2020.

HAWKINS PARNELL & YOUNG, LLP

/s/. *[signature]*

Ronald G. Polly, Jr.
Matthew A. Boyd
Phil J. Montoya, Jr.

*Attorneys for Defendants ResCare, Inc. and RSCR California, Inc.*

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

## REQUEST FOR JUDICIAL NOTICE

**TO THE HONORABLE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Evid. 201(b), Defendants ResCare, Inc. and RSCR California, Inc. (collectively "Defendants") respectfully request the Court take judicial notice of the following in support of their Motion for Partial Judgment on the Pleadings:

**Exhibit A**:   Assembly Bill No. 1522, as introduced on January 16, 2014, from the legislative history of California Labor Code § 248.5.

In support of this request, Defendants state that, as a record of the California Legislature, the bill is a proper subject for judicial notice and its contents are not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Date: June 16, 2020.

HAWKINS PARNELL & YOUNG, LLP

/s/.

Ronald G. Polly, Jr.
Matthew A. Boyd
Phil J. Montoya, Jr.

*Attorneys for Defendants ResCare, Inc. and RSCR California, Inc.*

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

## I.   INTRODUCTION AND PROCEDURAL BACKGROUND

On January 16, 2020, Plaintiff Susana Diaz ("Plaintiff") filed this action, on behalf of herself and three alleged classes, against ResCare, Inc. ("ResCare") and RSCR California, Inc. ("RSCR") (collectively "Defendants") seeking damages for purported violations of a variety of California state wage-and-hour and related laws. *See* "Complaint" [Dkt. 1, Ex. A].   In her fifth cause of action, Plaintiff alleged Defendants failed to provide sick pay in violation California Labor Code §§ 245, *et seq.*, otherwise known as the Healthy Workplaces, Healthy Families Act of 2014 ("HWHF"). [Dkt. 1, p. 35].   On February 21, 2020, Defendants removed this action from the Superior Court of San Francisco County to this Court pursuant to the removal provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal [Dkt. 1].

On February 28, 2020, Defendants filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. [Dkt. 7].   Defendants noted Plaintiff's sick pay claim was improper because the HWHF does not create a private cause of action. *Id.*, p. 20.   In response, on March 23, 2020, Plaintiff filed her First Amended Complaint. *See* "Amended Complaint" [Dkt. 17].[1]   Because, as explained in more detail below, Plaintiff's Amended Complaint contains the same improper HWHF claim as her original Complaint, this Court should enter an order pursuant to Fed. R. Civ. P. 12(c) granting judgment on the pleadings in Defendants' favor on that claim.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.  Legal Standard

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)).   "The

---

[1] Defendants filed their Answers to Plaintiff's Amended Complaint on April 6, 2020 [Dkt. 18 and Dkt. 19] and Amended Answers on June 2, 2020 [Dkt. 28 and Dkt. 29].

standard applied to a Rule 12(c) motion for judgment on the pleadings is 'substantially identical' to the standard applied to a motion to dismiss under Rule 12(b)(6)." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 316 F. Supp. 3d 1138, 1148 (N.D. Cal. 2018) (quoting *Chavez*, 683 F.3d at 1108). "Judgment on the pleadings is properly granted when[, accepting all factual allegations in the complaint as true,] there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez*, 683 F.3d at 1108. A Rule 12(c) motion may be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Kelly Moore Paint Co. v. Nat'l Union Fire Ins. Co.*, No. 14-cv-01797-MEJ, 2014 U.S. Dist. LEXIS 69948, at *6-7 (N.D. Cal. May 21, 2014) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." *Cellspin Soft, Inc.*, 316 F. Supp. 3d at 1148 (quoting *Brooks v. Dunlop Mfg.*, No. C 10-04341 CRB, 2011 U.S. Dist. LEXIS 141942, at *10 (N.D. Cal. Dec. 9, 2011)).[2]

In ruling on a motion for judgment on the pleadings, the Court "may properly look beyond the complaint to matters of public record" that are judicially noticeable. *Guidiville Rancheria of Cal. v. United States*, 5 F. Supp. 3d 1142, 1151 (N.D. Cal. 2013) (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). The Court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice." *Id.* (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c) should not grant leave to amend in response to a Rule 12(c) motion where it is clear an amendment would be futile. *Id.* (citing *Kelly*

---

[2] Rule 12(c) motions are proper for class claims, as well as individual claims. *See, e.g. Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1049 (9th Cir. 2006) (affirming grant of defendant employer's Rule 12(c) motion in class action brought by former employee); *Holloway v. Best Buy Co.*, No. C 05-5056 PJH, 2009 U.S. Dist. LEXIS 50994, at *34 (N.D. Cal. May 28, 2009) (granting partial judgment on the pleadings in favor of defendant employer on four class claims alleging discrimination); *Hylaszek v. Aetna Life Ins. Co.*, Case No. 94 C 5961, 1998 U.S. Dist. LEXIS 10209, at *5 n.1 (N.D. Ill. June 29, 1998) ("Rule 12(c) is an appropriate means by which to adjudicate the [plaintiffs'] class allegations.").

*Moore Paint Co.*, 2014 U.S. Dist. LEXIS 69948, at *7-8.).  Further, a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

**B. Plaintiff's Fifth Cause of Action for Failure to Provide Sick Pay Fails for Lack of a Cognizable Legal Theory.**

Plaintiff's fifth cause of action seeks damages for alleged failure to provide sick pay pursuant to § 246 of the HWHF.  The HWHF does not, however, create a private cause of action.  As a result, Plaintiff, as a private citizen, has not brought—and cannot bring—a cognizable claim under the HWHF, warranting judgment on the pleadings in favor of Defendants.

**1.    The plain language of the HWHF does not create a private cause of action and its legislative history confirms the California Legislature did not intend for it to do so.**

Under California law, "a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages. If the Legislature intends to create a private cause of action, [courts] generally assume it will do so directly . . . in clear, understandable, unmistakable terms . . ." *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1125 (N.D. Cal. 2014) (quoting *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62-63 (1999)); *see also Herrera v. AllianceOne Receivable Mgmt.*, No. 14cv1844 BTM(WVG), 2015 U.S. Dist. LEXIS 79317, at *14-15 (S.D. Cal. June 18, 2015) ("A statute creates a private right of action only if the enacting body so intended.") (quoting *Farmers Ins. Exch. v. Superior Court*, 137 Cal. App. 4th 842, 849 (2006)); *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 125-137 (1997) (because a judge may not insert what has been omitted from a statute, legislative intent alone determines whether a statute creates a new private right to sue); *Schaefer v. Williams*, 15 Cal. App. 4th 1243, 1248 (1993) (finding "[n]owhere in chapter 6 of the Elections Codes is there any suggestion that a pledge to abide by the Code of Fair Campaign Practices is enforceable through a private action" and "[s]urely, if the Legislature had intended to create such a

3

private action, it would have done so by clear and direct language."); *Nowlon v. Koram Ins. Ctr., Inc.*, 1 Cal. App. 4th 1437, 1444-45 (1991) ("[I]f there is no provision for a remedy by civil action to persons injured by a breach of the statute it is because the Legislature did not contemplate one.").

The HWHF contains <u>no</u> language creating a private cause of action, let alone "direct," "clear", "understandable," or "unmistakable" terms doing so.  By its plain language, the HWHF limits enforcement of its provisions to the State of California.  Section 248.5, which describes enforcement of, and remedies available under, the article (including § 246), specifies "[t]he Labor Commissioner shall enforce this article" and "[t]he Labor Commissioner or the Attorney General may bring a civil action in a court of competent jurisdiction against the employer or other person violating this article." Cal. Lab. Code §§ 248.5(a) and (e); *see also Guerrero v. Nanshing Am.*, 2017 Cal. App. LEXIS 1175, *10 ("Only the Labor Commissioner can enforce directly [Lab. Code § 246(i)]."); *Titus v. McLane Foodservice, Inc.*, No. 2:16-cv-00635-KJM-EFB, 2016 U.S. Dist. LEXIS 125116, at *10 (E.D. Cal. Sep. 13, 2016) ("[P]laintiff cannot bring an individual claim for the alleged violation of section 246(h), because there is no private right of action to enforce that provision.").

Moreover, the HWHF's legislative history clearly indicates the Legislature did not intend for it to create a private cause of action.  As originally drafted, the HWHF contained additional language specifically authorizing "a person aggrieved by a violation of this article" to bring suit to enforce its provisions.  Before enactment, though, the Legislature deliberately deleted that language, demonstrating its intent to limit enforcement to the state's Labor Commissioner and Attorney General.  *Compare* Assembly Bill No. 1522, as originally introduced on January 16, 2014, at p. 13, 2013-2014 Regular Session[3] with Cal. Lab. Code § 248.5(e), as enacted.

---

[3] A true and correct copy of Assembly Bill No. 1522, as originally introduced on January 16, 2014, is attached as **Exhibit A**.  The court may take judicial notice of Assembly Bill No. 1522 because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Titus*, 2016 U.S. Dist. LEXIS 125116, at *10 n.4 (quoting Fed. R. Evid. 201(b)(2)).

4

Because the plain language of the HWHF does not create a private cause of action and its legislative history confirms the Legislature did not intend for it to do so, Plaintiff's fifth cause of action for failure to provide sick pay in violation of the HWHF must fail for lack of a cognizable legal theory.

### 2.    Amendment would be futile.

Plaintiff cannot cure the deficiencies in her HWHF claim and, thus, should not be allowed to amend it. *See Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) ("We conclude that the plaintiffs cannot cure [a] basic flaw in their pleading. Because any amendment would be futile, there is no need to prolong the litigation by permitting further amendment.").  Plaintiff cannot plead any set of facts that would permit her to pursue a private cause of action under the HWHF when no such cause of action exists, making amendment futile. *See Openiano v. Hartford Life & Annuity Ins. Co.*, No. 18-CV-0943-AJB-AGS, 2019 U.S. Dist. LEXIS 160005, at *14-15 (S.D. Cal. Sep. 17, 2019) (granting judgment on pleadings without leave to amend because, among other reasons, the statute under which plaintiff sought relief did not create a private cause of action); *Lucas R. v. Azar*, No. CV 18-5741 DMG (PLAx), 2019 U.S. Dist. LEXIS 213020, at *10 (C.D. Cal. Aug. 21, 2019) (granting judgment on the pleadings without leave to amend because "[a]s Plaintiffs' *Bivens* claim is not supported by a cognizable legal theory, permitting them to file an amended pleading would be a futile exercise."); *Herrera*, 2015 U.S. Dist. LEXIS 79317, at *14-15, 20 (granting judgment on the pleadings without leave to amend because the statute under which the plaintiffs sought relief "does not include language suggesting a private cause of action is available" and the plaintiffs "failed to cite authority showing that the state legislature intended to create a private right of action" under the statute).  For this reason, and because she has already amended her Complaint once, the Court should exercise its broad discretion and deny Plaintiff leave to further amend. *Cellspin Soft, Inc.*, 316 F. Supp. 3d at 1148; *Kelly Moore Paint Co.*, 2014 U.S. Dist. LEXIS 69948, at *7-8; *Cafasso*, 637 F.3d at 1058.

### III.   CONCLUSION

As a private citizen, Plaintiff cannot bring suit to enforce the HWHF.  For this reason, her fifth cause of action for failure to provide sick pay must fail for lack of a cognizable legal theory. Accordingly, under Fed. R. Civ. P. 12(c), this Court should enter an order for judgment on the pleadings in Defendants' favor on that cause of action without leave to amend.

Date: June 16, 2020.

HAWKINS PARNELL & YOUNG, LLP

/s/   Phil J Montoya

Ronald G. Polly, Jr.
Matthew A. Boyd
Phil J. Montoya, Jr.

*Attorneys for Defendants ResCare, Inc. and RSCR California, Inc.*

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

EXHIBIT "A"

CALIFORNIA LEGISLATURE—2013–14 REGULAR SESSION

## ASSEMBLY BILL                                    No. 1522

---

### Introduced by Assembly Member Gonzalez

#### January 16, 2014

---

An act to amend Section 226 of, and to add Article 1.5 (commencing with Section 245) to Chapter 1 of Part 1 of Division 2 of, the Labor Code, relating to employment.

### LEGISLATIVE COUNSEL'S DIGEST

AB 1522, as introduced, Gonzalez. Employment: paid sick days.

Existing law authorizes employers to provide their employees paid sick leave.

This bill would provide that an employee, as defined, who works in California for 7 or more days in a calendar year is entitled to paid sick days, as defined, to be accrued at a rate of no less than one hour for every 30 hours worked. An employee would be entitled to use accrued sick days beginning on the 90th calendar day of employment. The bill would require employers to provide paid sick days, upon the request of the employee, for diagnosis, care, or treatment of health conditions of the employee or an employee's family member, or for leave related to domestic violence or sexual assault. An employer would be prohibited from discriminating or retaliating against an employee who requests paid sick days. The bill would require employers to satisfy specified posting and notice and recordkeeping requirements. The bill would also make conforming changes.

This bill would require the Labor Commissioner to administer and enforce these requirements, including the promulgation of regulations, investigation, mitigation, and relief of violations of these requirements. This bill would authorize the Labor Commissioner to impose specified

**AB 1522** — 2 —

administrative fines for violations and would authorize an aggrieved person, the commissioner, the Attorney General, or an entity a member of which is aggrieved to bring an action to recover specified civil penalties against an offender, as well as attorney's fees, costs, and interest.

The bill would specify that it does not apply to employees covered by a collective bargaining agreement that provides for paid sick days, nor does it lessen any other obligations of the employer to employees. This bill would further specify that it does not apply to employees in the construction industry covered by a collective bargaining agreement if the agreement expressly waives the requirements of this article in clear and unambiguous terms. However, the bill would specify that it applies to certain public authorities, established to deliver in-home supportive services, except where a collective bargaining agreement provides for an incremental wage increase sufficient to satisfy the bill's requirements for accrual of sick days.

Vote:  majority.  Appropriation:  no.  Fiscal committee:  yes. State-mandated local program:  no.

*The people of the State of California do enact as follows:*

1    SECTION 1.  The Legislature finds and declares the following:
2    (a)  Nearly every worker in the State of California will at some
3 time during the year need some time off from work to take care
4 of his or her own health or the health of family members.
5    (b)  Many workers in California do not have any paid sick days,
6 or have an inadequate number of paid sick days, to care for their
7 own health or the health of family members.
8    (c)  Low-income workers are significantly less likely to have
9 paid sick time than other workers.
10    (d)  Providing workers time off to attend to their own health care
11 and the health care of family members will ensure a healthier and
12 more productive workforce in California.
13    (e)  Paid sick days will have an enormously positive impact on
14 the public health of Californians by allowing sick workers paid
15 time off to care for themselves when ill, thus lessening their
16 recovery time and reducing the likelihood of spreading illness to
17 other members of the workforce.
18    (f)  Paid sick days will allow parents to provide personal care
19 for their sick children. Parental care ensures children's speedy

AB 1522

1   recovery, prevents more serious illnesses, and improves children's
2   overall mental and physical health.
3      (g)  Providing paid sick days is affordable for employers and
4   good for business.
5      (h)  Employers who provide paid sick days enjoy greater
6   employee retention and reduce the likelihood of employees coming
7   to work sick. Studies have shown that costs of decreased
8   productivity caused by sick workers exceed the costs of employee
9   absenteeism.
10     (i)  Many adults have significant elder care responsibilities
11  requiring them to take time off from work or to work reduced
12  hours.
13     (j)  Employees frequently lose their jobs or are disciplined for
14  taking sick days to care for sick family members or to recover
15  from their own illnesses.
16     (k)  Workers whose jobs involve significant contact with the
17  public, such as service workers and restaurant workers, are very
18  unlikely to have paid sick days. Often, these workers have no
19  choice but to come to work when they are ill, thereby spreading
20  illness to coworkers and customers.
21     (*l*)  Domestic violence and sexual assault affect many persons
22  without regard to age, race, national origin, sexual orientation, or
23  socioeconomic status.
24     (m)  Domestic violence is a crime that has a devastating effect
25  on families, communities, and the workplace. It impacts
26  productivity, effectiveness, absenteeism, and employee turnover
27  in the workplace. The National Crime Survey estimates that
28  175,000 days of work each year are missed due to domestic
29  violence.
30     (n)  Survivors of domestic violence and sexual assault may be
31  vulnerable at work when trying to end an abusive relationship
32  because the workplace may be the only place where the perpetrator
33  knows to contact the victim. Studies show that up to one-half of
34  domestic violence victims experience job loss. Forty percent
35  reported on-the-job harassment. Nearly 50 percent of sexual assault
36  survivors lose their jobs or are forced to quit in the aftermath of
37  the assaults.
38     (o)  Affording survivors of domestic violence and sexual assault
39  paid sick days is vital to their independence and recovery.

**AB 1522** — 4 —

1    SEC. 2.   In enacting this act, it is the intent of the Legislature
2  to do the following:
3    (a)  Ensure that workers in California can address their own
4  health needs and the health needs of their families by requiring
5  employers to provide a minimum level of paid sick days including
6  time for family care.
7    (b)  Decrease public and private health care costs in California
8  by enabling workers to seek early and routine medical care for
9  themselves and their family members and to address domestic
10  violence or sexual assault.
11    (c)  Protect employees in California from losing their jobs while
12  they use sick days to care for themselves or their families.
13    (d)  Provide economic security to employees in California who
14  take time off from work for reasons related to domestic violence
15  or sexual assault.
16    (e)  Safeguard the welfare, health, safety, and prosperity of the
17  people of and visitors to California.
18    SEC. 3.   Section 226 of the Labor Code is amended to read:
19    226.  (a)  ~~Every~~ *An* employer shall, semimonthly or at the time
20  of each payment of wages, furnish ~~each of his or her employees~~
21  *to each employee,* either as a detachable part of the check, draft,
22  or voucher paying the employee's wages, or separately ~~when~~ *if*
23  wages are paid by personal check or cash, an accurate itemized
24  statement in writing showing (1) gross wages earned, (2) total
25  hours worked by the employee, ~~except for any employee whose~~
26  *unless the employee's* compensation is solely based on a salary
27  and ~~who~~ *the employee* is exempt from payment of overtime under
28  subdivision (a) of Section 515 or ~~any~~ *an* applicable order of the
29  Industrial Welfare Commission, (3) the number of piece-rate units
30  earned and ~~any~~ *the* applicable piece rate if the employee is paid
31  on a piece-rate basis, (4) all deductions, provided that all deductions
32  made on written orders of the employee may be aggregated and
33  shown as one item, (5) net wages earned, (6) the inclusive dates
34  of the period for which the employee is paid, (7) the name of the
35  employee and only the last four digits of his or her social security
36  number or an employee identification number other than a social
37  security number, (8) the name and address of the legal entity that
38  is the employer and, if the employer is a farm labor contractor, as
39  defined in subdivision (b) of Section 1682, the name and address
40  of the legal entity that secured the services of the employer, ~~and~~

1  (9) *paid sick leave accrued and used pursuant to Article 1.5*
2  *(commencing with Section 245), and (10)* all applicable hourly
3  rates in effect during the pay period and the corresponding number
4  of hours worked at each hourly rate by the employee and, beginning
5  July 1, 2013, if the employer is a temporary services employer as
6  defined in Section 201.3, the rate of pay and the total hours worked
7  for each temporary services assignment. The deductions made
8  from payment of wages shall be recorded in ink or other indelible
9  form, properly dated, showing the month, day, and year, and a
10  copy of the statement and the record of the deductions shall be
11  kept on file by the employer for at least three years at the place of
12  employment or at a central location within the State of California.
13  For purposes of this subdivision, "copy" includes a duplicate of
14  the itemized statement provided to an employee or a
15  computer-generated record that accurately shows all of the
16  information required by this subdivision.
17  (b)  An employer that is required by this code or ~~any~~ *a* regulation
18  adopted pursuant to this code to keep the information required by
19  subdivision (a) shall afford current and former employees the right
20  to inspect or copy records pertaining to their employment, upon
21  reasonable request to the employer. The employer may take
22  reasonable steps to ensure the identity of a current or former
23  employee. If the employer provides copies of the records, the actual
24  cost of reproduction may be charged to the current or former
25  employee.
26  (c)  An employer who receives a written or oral request to inspect
27  or copy records pursuant to subdivision (b) pertaining to a current
28  or former employee shall comply with the request as soon as
29  practicable, but no later than 21 calendar days from the date of the
30  request. A violation of this subdivision is an infraction.
31  Impossibility of performance, not caused by or a result of a
32  violation of law, shall be an affirmative defense for an employer
33  in any action alleging a violation of this subdivision. An employer
34  may designate the person to whom a request *is made* under this
35  subdivision ~~will be made~~.
36  (d)  This section does not apply to ~~any~~ *an* employer of ~~any~~ *a*
37  person employed by the owner or occupant of a residential dwelling
38  whose duties are incidental to the ownership, maintenance, or use
39  of the dwelling, including the care and supervision of children, or

**AB 1522** — 6 —

1  whose duties are personal and not in the course of the trade,
2  business, profession, or occupation of the owner or occupant.
3  (e) (1) An employee suffering injury as a result of a knowing
4  and intentional failure by an employer to comply with subdivision
5  (a) is entitled to recover the greater of all actual damages or fifty
6  dollars ($50) for the initial pay period in which a violation occurs
7  and one hundred dollars ($100) per employee for each violation
8  in a subsequent pay period, not to exceed an aggregate penalty of
9  four thousand dollars ($4,000), and is entitled to an award of costs
10  and reasonable attorney's fees.
11  (2) (A) An employee is deemed to suffer injury for purposes
12  of this subdivision if the employer fails to provide a wage
13  statement.
14  (B) An employee is deemed to suffer injury for purposes of this
15  subdivision if the employer fails to provide accurate and complete
16  information as required by any one or more of items (1) to ~~(9),~~
17  *(10),* inclusive, of subdivision (a) and the employee cannot
18  promptly and easily determine from the wage statement alone one
19  or more of the following:
20  (i) The amount of the gross wages or net wages paid to the
21  employee during the pay period or any of the other information
22  required to be provided on the itemized wage statement pursuant
23  to items (2) to (4), inclusive, (6), ~~and (9)~~ *(9), and (10)* of
24  subdivision (a).
25  (ii) Which deductions the employer made from gross wages to
26  determine the net wages paid to the employee during the pay
27  period. Nothing in this subdivision alters the ability of the employer
28  to aggregate deductions consistent with the requirements of item
29  (4) of subdivision (a).
30  (iii) The name and address of the employer and, if the employer
31  is a farm labor contractor, as defined in subdivision (b) of Section
32  1682, the name and address of the legal entity that secured the
33  services of the employer during the pay period.
34  (iv) The name of the employee and only the last four digits of
35  his or her social security number or an employee identification
36  number other than a social security number.
37  (C) For purposes of this paragraph, "promptly and easily
38  determine" means a reasonable person would be able to readily
39  ascertain the information without reference to other documents or
40  information.

1    (3) For purposes of this subdivision, a "knowing and intentional
2 failure" does not include an isolated and unintentional payroll error
3 due to a clerical or inadvertent mistake. In reviewing for
4 compliance with this section, the factfinder may consider as a
5 relevant factor whether the employer, prior to an alleged violation,
6 has adopted and is in compliance with a set of policies, procedures,
7 and practices that fully comply with this section.
8    (f) A failure by an employer to permit a current or former
9 employee to inspect or copy records within the time set forth in
10 subdivision (c) entitles the current or former employee or the Labor
11 Commissioner to recover a seven-hundred-fifty-dollar ($750)
12 penalty from the employer.
13    (g) The listing by an employer of the name and address of the
14 legal entity that secured the services of the employer in the itemized
15 statement required by subdivision (a) shall not create any liability
16 on the part of that legal entity.
17    (h) An employee may also bring an action for injunctive relief
18 to ensure compliance with this section, and is entitled to an award
19 of costs and reasonable attorney's fees.
20    (i) This section does not apply to the state, to ~~any~~ a city, county,
21 city and county, district, or to any other governmental entity, except
22 that if the state or a city, county, city and county, district, or other
23 governmental entity furnishes its employees with a check, draft,
24 or voucher paying the employee's wages, the state or a city, county,
25 city and county, district, or other governmental entity shall use no
26 more than the last four digits of the employee's social security
27 number or shall use an employee identification number other than
28 the social security number on the itemized statement provided with
29 the check, draft, or voucher.
30    SEC. 4.   Article 1.5 (commencing with Section 245) is added
31 to Chapter 1 of Part 1 of Division 2 of the Labor Code, to read:
32
33              Article 1.5.  Paid Sick Days
34
35    245.   This article shall be known and may be cited as the
36 Healthy Workplaces, Healthy Families Act of 2014.
37    245.5.   For the purposes of this article the following terms have
38 the following meanings:
39    (a) "Employee" does not include the following:

**AB 1522** — 8 —

1     (1)   An employee covered by a valid collective bargaining
2   agreement if the agreement expressly provides for the wages, hours
3   of work, and working conditions of employees, and expressly
4   provides for paid sick days or a paid leave or paid time off policy
5   that permits the use of sick days for those employees, final and
6   binding arbitration of disputes concerning the application of its
7   paid sick days provisions, premium wage rates for all overtime
8   hours worked, and regular hourly rate of pay of not less than 30
9   percent more than the state minimum wage rate.
10    (2)   An employee in the construction industry covered by a valid
11  collective bargaining agreement if the agreement expressly provides
12  for the wages, hours of work, and working conditions of
13  employees, premium wage rates for all overtime hours worked,
14  and regular hourly pay of not less than 30 percent more than the
15  state minimum wage rate, and the agreement expressly waives the
16  requirements of this article in clear and unambiguous terms. For
17  purposes of this subparagraph, "employee in the construction
18  industry" means an employee performing onsite work associated
19  with construction, including work involving alteration, demolition,
20  building, excavation, renovation, remodeling, maintenance,
21  improvement, repair work, and any other work as described by
22  Chapter 9 (commencing with Section 7000) of Division 3 of the
23  Business and Professions Code, and other similar or related
24  occupations or trades.
25    (b)  "Family member" means any of the following:
26    (1)  A child, which for purposes of this article means a biological,
27  adopted, or foster child, stepchild, legal ward, or a child to whom
28  the employee stands in loco parentis. This definition of a child is
29  applicable regardless of age or dependency status.
30    (2)  A biological, adoptive, or foster parent, stepparent, or legal
31  guardian of an employee or the employee's spouse or registered
32  domestic partner, or a person who stood in loco parentis when the
33  employee was a minor child.
34    (3)  A spouse.
35    (4)  A registered domestic partner.
36    (5)  A grandparent.
37    (6)  A grandchild.
38    (7)  A sibling.

**AB 1522**

1    (c) "Health care provider" has the same meaning as defined in
2 paragraph (6) of subdivision (c) of Section 12945.2 of the
3 Government Code.
4    (d) "Paid sick days" means time that is compensated at the same
5 wage as the employee normally earns during regular work hours
6 and is provided by an employer to an employee for the purposes
7 described in Section 246.5.
8    (e) "Small business" means an employer who employs 10 or
9 fewer employees during 20 or more calendar workweeks in the
10 current or preceding calendar year.
11    246.  (a) An employee who works in California for seven or
12 more days in a calendar year is entitled to paid sick days as
13 specified in this section.
14    (b) (1) An employee shall accrue paid sick days at the rate of
15 not less than one hour per every 30 hours worked, beginning at
16 the commencement of employment or the operative date of this
17 article, whichever is first.
18    (2) An employee who is exempt from overtime requirements
19 as an administrative, executive, or professional employee under a
20 wage order of the Industrial Welfare Commission is deemed to
21 work 40 hours per workweek for the purposes of this section,
22 unless the employee's normal workweek is less than 40 hours, in
23 which case the employee will accrue paid sick days based upon
24 that normal workweek.
25    (c) An employee shall be entitled to use accrued paid sick days
26 beginning on the 90th calendar day of employment, after which
27 day the employee may use paid sick days as they are accrued.
28    (d) Accrued paid sick days shall carry over to the following
29 calendar year. However, an employer may limit an employee's
30 use of paid sick days to 24 hours or three days in each calendar
31 year.
32    (e) An employer is not required to provide additional paid sick
33 days pursuant to this section if the employer has a paid leave policy
34 or paid time off policy and the employer makes available an
35 amount of leave that satisfies the accrual requirements of this
36 section and that may be used for the same purposes and under the
37 same conditions as specified in this section.
38    (f) (1) Except as specified in paragraph (2), an employer is not
39 required to provide compensation to an employee for accrued,

**AB 1522** — 10 —

1  unused paid sick days upon termination, resignation, retirement,
2  or other separation from employment.
3    (2)  If an employee separates from an employer and is rehired
4  by the employer within one year, previously accrued and unused
5  paid sick days shall be reinstated. The employee shall be entitled
6  to use those previously accrued and unused paid sick days and to
7  accrue additional paid sick days upon rehiring.
8    (g)  An employer may lend paid sick days to an employee in
9  advance of accrual, at the employer's discretion and with proper
10  documentation.
11    246.5.  (a)  Upon the oral or written request of an employee,
12  an employer shall provide paid sick days for the following
13  purposes:
14    (1)  Diagnosis, care, or treatment of an existing health condition
15  of, or preventive care for, an employee or an employee's family
16  member.
17    (2)  For an employee who is a victim of domestic violence or
18  sexual assault, the purposes described in subdivision (c) of Section
19  230 and subdivision (a) of Section 230.1.
20    (b)  An employer shall not require as a condition of using paid
21  sick days that the employee search for or find a replacement worker
22  to cover the days during which the employee uses paid sick days.
23    (c)  (1)  An employer shall not deny an employee the right to
24  use sick days, discharge, threaten to discharge, demote, suspend,
25  or in any manner discriminate against an employee for using sick
26  days, attempting to exercise the right to use sick days, filing a
27  complaint with the department or in a court alleging a violation of
28  this article, cooperating in an investigation or prosecution of an
29  alleged violation of this article, or opposing any policy or practice
30  or act that is prohibited by this article.
31    (2)  There shall be a rebuttable presumption of unlawful
32  retaliation if an employer denies an employee the right to use sick
33  days, discharges, threatens to discharge, demotes, suspends, or in
34  any manner discriminates against an employee within 90 days of
35  any of the following:
36    (A)  The filing of a complaint by the employee with the Labor
37  Commissioner or in a court alleging a violation of this article.
38    (B)  The cooperation of an employee with an investigation or
39  prosecution of an alleged violation of this article.

99

**AB 1522**

1   (C)  Opposition by the employee to a policy, practice, or act that
2   is prohibited by this article.
3   247.  (a)  An employer shall give each employee written notice
4   of the requirements of this article in English, Spanish, Chinese,
5   and any other language spoken by at least 5 percent of the
6   employees. The written notice shall state the following:
7   (1)  That an employee is entitled to accrue, request, and use paid
8   sick days.
9   (2)  The amount of paid sick days provided for by this article.
10   (3)  The terms of use of paid sick days.
11   (4)  That retaliation or discrimination against an employee who
12   requests paid sick days or uses paid sick days, or both, is prohibited
13   and that an employee has the right under this article to file a
14   complaint or bring a civil action against an employer who retaliates
15   or discriminates against the employee.
16   (b)  In each workplace of the employer, the employer shall
17   display a poster in a conspicuous place containing all the
18   information specified in subdivision (a). The Labor Commissioner
19   shall create a poster containing this information and make it
20   available to employers.
21   (c)  An employer who willfully violates the notice and posting
22   requirements of this section is subject to a civil penalty of not more
23   than one hundred dollars ($100) per each offense.
24   247.5.  An employer shall keep for at least five years records
25   documenting the hours worked and paid sick days accrued and
26   used by an employee. An employer shall allow the Labor
27   Commissioner access to these records with appropriate notice and
28   at a mutually agreeable time to monitor compliance with this
29   article. An employer shall make these records available to an
30   employee pursuant to Section 226. If an employer does not
31   maintain adequate records pursuant to this section, it shall be
32   presumed that the employee is entitled to the maximum number
33   of hours accruable under this article, unless the employer can show
34   otherwise by clear and convincing evidence.
35   248.  The Labor Commissioner is authorized and directed to
36   coordinate implementation and enforcement of this article and to
37   promulgate guidelines and regulations for those purposes.
38   248.5.  (a)  The Labor Commissioner is authorized and directed
39   to enforce this article, including investigating an alleged violation,
40   and ordering appropriate temporary relief to mitigate the violation

**AB 1522**      — **12** —

1  or to maintain the status quo pending the completion of a full
2  investigation or hearing.
3    (b) If the Labor Commissioner, after a hearing that contains
4  adequate safeguards to ensure that the parties are afforded due
5  process, determines that a violation of this article has occurred, he
6  or she may order any appropriate relief, including reinstatement,
7  backpay, the payment of sick days unlawfully withheld, and the
8  payment of an additional sum in the form of an administrative
9  penalty to an employee or other person whose rights under this
10  article were violated. If paid sick days were unlawfully withheld,
11  the dollar amount of paid sick days withheld from the employee
12  multiplied by three, or two hundred fifty dollars ($250), whichever
13  amount is greater, shall be included in the administrative penalty.
14  In addition, if a violation of this article results in other harm to the
15  employee or person, such as discharge from employment, or
16  otherwise results in a violation of the rights of the employee or
17  person, the administrative penalty shall include a sum of fifty
18  dollars ($50) for each day or portion thereof that the violation
19  occurred or continued.
20    (c) Where prompt compliance by an employer is not
21  forthcoming, the Labor Commissioner may take any appropriate
22  enforcement action to secure compliance, including the filing of
23  a civil action. In compensation to the state for the costs of
24  investigating and remedying the violation, the commissioner may
25  order the violating employer to pay to the state a sum of not more
26  than fifty dollars ($50) for each day or portion of a day a violation
27  occurs or continues for each employee or other person whose rights
28  under this article were violated. These funds shall be allocated to
29  the Labor Commissioner to offset the costs of implementing and
30  enforcing this article.
31    (d) An employee or other person may report to the Labor
32  Commissioner a suspected violation of this article. The
33  commissioner shall encourage reporting pursuant to this
34  subdivision by keeping confidential, to the maximum extent
35  permitted by applicable law, the name and other identifying
36  information of the employee or person reporting the violation.
37  However, the commissioner may disclose that person's name and
38  identifying information as necessary to enforce this article or for
39  other appropriate purposes, upon the authorization of that person.

**AB 1522**

1  (e) The Labor Commissioner, the Attorney General, a person
2 aggrieved by a violation of this article, or an entity a member of
3 which is aggrieved by a violation of this article may bring a civil
4 action in a court of competent jurisdiction against the employer
5 or other person violating this article and, upon prevailing, shall be
6 entitled to such legal or equitable relief as may be appropriate to
7 remedy the violation, including reinstatement, backpay, the
8 payment of sick days unlawfully withheld, the payment of an
9 additional sum as liquidated damages in the amount of fifty dollars
10 ($50) to each employee or person whose rights under this article
11 were violated for each day or portion thereof that the violation
12 occurred or continued, plus, if the employer has unlawfully
13 withheld paid sick days to an employee, the dollar amount of paid
14 sick days withheld from the employee multiplied by three; or two
15 hundred fifty dollars ($250), whichever amount is greater; and
16 reinstatement in employment or injunctive relief; and further shall
17 be awarded reasonable attorney's fees and costs, provided,
18 however, that any person or entity enforcing this article on behalf
19 of the public as provided for under applicable state law shall, upon
20 prevailing, be entitled only to equitable, injunctive, or restitutionary
21 relief, and reasonable attorney's fees and costs.
22  (f) In an administrative or civil action brought under this article,
23 the Labor Commissioner or court, as the case may be, shall award
24 interest on all amounts due and unpaid at the rate of interest
25 specified in subdivision (b) of Section 3289 of the Civil Code.
26  (g) The remedies, penalties, and procedures provided under this
27 article are cumulative.
28  249.  (a) This article does not limit or affect any laws
29 guaranteeing the privacy of health information, or information
30 related to domestic violence or sexual assault, regarding an
31 employee or employee's family member. That information shall
32 be treated as confidential and shall not be disclosed to any person
33 except to the affected employee, or as required by law.
34  (b) This article shall not be construed to discourage or prohibit
35 an employer from the adoption or retention of a paid sick days
36 policy more generous than the one required herein.
37  (c) This article does not lessen the obligation of an employer to
38 comply with a contract, collective bargaining agreement,
39 employment benefit plan, or other agreement providing more
40 generous sick days to an employee than required herein.

**AB 1522** — 14 —

1    (d)  This article establishes minimum requirements pertaining
2  to paid sick days and does not preempt, limit, or otherwise affect
3  the applicability of any other law, regulation, requirement, policy,
4  or standard that provides for greater accrual or use by employees
5  of sick days, whether paid or unpaid, or that extends other
6  protections to an employee.
7    249.5.  (a)  A public authority established under Section 12301.6
8  of the Welfare and Institutions Code shall be required to meet the
9  requirements of this article for individuals who perform domestic
10  services comprising in-home supportive services under Article 7
11  (commencing with Section 12300) of Chapter 3 of Part 3 of
12  Division 9 of the Welfare and Institutions Code.
13    (b)  A public authority may satisfy the requirements of this article
14  by entering into a collective bargaining agreement that provides
15  an incremental hourly wage adjustment in an amount sufficient to
16  satisfy the accrual requirements of Section 246.

O

1
2

## CERTIFICATE OF SERVICE

3

The undersigned counsel for Defendants ResCare, Inc. and RSCR

4

California, Inc., hereby certifies that a true and correct copy of the forgoing document

5
6

was filed with the court and served electronically through the CM-ECF (electronic

7

case filing) system to all counsel of record to those registered to receive a notice of

8

electronic filing for this case on this 16th day of June 2020.

9
10
11

/s/ Antonia Trinidad

12

Antonia Trinidad

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12949942v.2