IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SUSANA DIAZ,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**RESCARE INC., ET AL.,**<br><br>　　　　　Defendants. | CASE NO.  4:20-cv-01333 YGR<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 32 |

Plaintiff Susana Diaz brings this putative wage-and-hour class action against defendants Rescare, Inc. and RSCR California, Inc.  Now pending is defendants' motion for judgment on the pleadings with respect to Diaz's claim for alleged violations of the Healthy Workplaces, Healthy Families Act of 2014 ("HWHF"), which is the fifth claim in the First Amended Complaint ("FAC").  Defendants argue that this claim fails as a matter of law because the HWHF does not contain a private right of action.

Having carefully considered the pleadings and the parties' briefs, and for the reasons set forth below, the Court **GRANTS** the motion for judgment on the pleadings **WITH LEAVE TO AMEND**.

**I.　BACKGROUND**

Diaz alleges as follows:

She worked for defendants as a non-exempt, hourly employee from approximately August 26, 2018, through December 9, 2018.  FAC ¶ 21.  Defendants allegedly failed to provide her and other similarly-situated employees with meal and rest periods, minimum and overtime wages, vacation pay, sick days, reimbursement for business expenses, accurate wage statements, and payment for final wages upon separation.  *Id.* ¶ 1.

1    Diaz asserts the following claims in the FAC on her own behalf and on behalf of similarly-
2    situated employees of defendants, namely failure: (1) to provide meal periods in violation of
3    California Labor Code §§ 204, 223, 226.7, 512, and 1198; (2) to provide rest periods in violation
4    of California Labor Code §§ 204, 223, 226.7, and 1198; (3) to pay hourly wages in violation of
5    California Labor Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198; (4) to pay vacation
6    wages in violation of California Labor Code § 227.3; **(5) to pay sick time in violation of**
7    **California Labor Code §§ 245,** *et seq.***;** (6) to indemnify in violation of California Labor Code §
8    2802; (7) to provide accurate written wage statements in violation of California Labor Code §
9    226(a); and for (8) violations of California's Unfair Competition Law ("UCL"), California Bus. &
10   Prof. Code §§ 17200, *et seq.*; and (9) civil penalties under California Labor Code §§ 2698, *et seq.*
11   (Bolded claim at issue in this motion.)

12   Diaz filed this action in state court on January 16, 2020, and defendants removed it to this
13   Court on February 21, 2020. Docket No. 1. On February 28, 2020, Defendants moved to dismiss
14   the first iteration of the complaint under Rule 12(b)(6). Docket No. 7. On March 11, 2020, the
15   Court granted a stipulation allowing Diaz to file an amended complaint in lieu of filing an
16   opposition to the motion to dismiss. Docket No. 13. Diaz filed the FAC, which is the operative
17   complaint, on March 23, 2020. Docket No. 17. The present motion follows.

**II.   LEGAL STANDARD**

19   "After the pleadings are closed—but early enough not to delay trial—a party may move
20   for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court may grant judgment on the
21   pleadings where there are no issues of material fact and the moving party is entitled to judgment as
22   a matter of law when taking the allegations in the pleadings as true. *Gregg v. Haw. Dep't of Pub.*
23   *Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (citation omitted). This standard is "functionally
24   identical" to the standard for determining a motion to dismiss under Rule 12(b)(6). *Id.*
25   Accordingly, a court need not accept as true factual allegations that are conclusory or conclusions
26   of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citation omitted). "As with a Rule
27   12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c)
28   should grant leave to amend even if no request for leave to amend has been made, unless it is clear

that amendment would be futile." *Finley v. Capital One*, No. 16-CV-01392-YGR, 2017 WL 1365207, at *2 (N.D. Cal. Apr. 14, 2017) (Gonzalez Rogers, J.) (citation and internal quotation marks omitted). When ruling on a motion for judgment on the pleadings, a court may consider documents that the pleadings incorporate by reference, as well as matters that are subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted). The court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" attached to the complaint. *Id.*

### III.  DISCUSSION

The only claim at issue in the present motion is the fifth claim in the FAC, which is a standalone claim for "failure to provide sick pay" in violation of the HWHF, California Labor Code §§ 245, *et seq.*[1] FAC ¶¶ 109-114. This claim is premised on allegations that defendants failed to compensate Diaz and the putative class members for accrued sick days that Diaz and the putative class members missed from work "due to permissible reasons as stated in Labor Code section 246.5." *Id.* ¶¶ 40-41. Diaz seeks restitution for all unpaid amounts of sick leave during the putative class period, as well as reasonable attorneys' fees. *Id.*

The HWHF is codified as California Labor Code sections 245 to 249. It provides, in relevant part, that an employee who has worked for an employer for at least thirty days within a year of commencing employment is entitled to paid sick days to be accrued at a specified rate. *See* Cal. Labor Code § 246. Upon the oral or written request of an employee, an employer is required to pay for accrued sick days that the employee wishes to use for an approved purpose. *See* Cal. Labor Code § 246.5.

---

[1] In their reply, defendants request for the first time that the Court "dismiss" Diaz's claim under the UCL, which is the eighth claim in the FAC, to the extent that it is predicated on violations of the HWHF. Reply at 4, Docket No. 34. Defendants argue that a private litigant cannot use the UCL as a vehicle for enforcing the HWHF because the plain language of the HWHF limits enforcement actions by private litigants to those brought "on behalf of the general public," and private litigants cannot bring UCL claims on behalf of the general public. *Id.* at 2-3. The Court will not consider this new argument because it was raised for the first time in the reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding that the "district court need not consider arguments raised for the first time in a reply brief"). In any event, because the pleadings are now closed, defendants' request to "dismiss" the UCL claim is untimely. *See* Fed. R. Civ. P. 12.

1    California Labor Code section 248.5 outlines the "Enforcement of the Article." The
2    explicit language in subsections (a)(b)(d) and (e) outline the role of the Labor Commissioner or
3    the Attorney General. Subsection (e) then sets forth explicitly two distinct mechanisms for civil
4    enforcement of the HWHF. First, it provides that the "Labor Commissioner and the Attorney
5    General may bring a civil action in a court of competent jurisdiction against the employer or other
6    person violating [the HWHF] and, upon prevailing, shall be entitled to collect legal or equitable
7    relief on behalf of the aggrieved as may be appropriate to remedy the violation," which includes
8    injunctive relief, backpay, restitution, liquidated damages, attorneys' fees and costs, and statutory
9    penalties. Cal. Labor Code § 248.5(e). Second, the tail end of section 248.5(e) includes a
10   statement that "*any person or entity enforcing this article on behalf of the public as provided for
11   under applicable state law* shall, upon prevailing, be entitled only to equitable, injunctive, or
12   restitutionary relief, and reasonable attorney's fees and costs." *Id.* (Emphasis supplied).
13   Accordingly, under these provisions, a civil enforcement action can be brought by the Labor
14   Commissioner, the Attorney General, or a private litigant, so long as the person or entity bringing
15   the action otherwise complies with the requirements set forth in section 248.5(e).

16   Defendants move for judgment on the pleadings with respect to this claim on the ground
17   that the HWHF does not contain a private right of action. Motion at 1-2, 6, Docket No. 32.
18   Defendants argue that the legislative history of the HWHF shows that the Legislature deleted
19   language from the final version of the statute that would have allowed "a person aggrieved by a
20   violation" of the HWHF to file a civil action. *Id.* at 4.

21   In her opposition, Diaz argues that a private litigant can enforce the HWHF so long as the
22   private litigant brings the enforcement action under an "applicable state law" in accordance with
23   the plain language of section 248.5(e). Diaz further contends that two state laws can each serve as
24   a vehicle for her claim for alleged violations of the HWHF: (1) the UCL; and (2) California Labor
25   Code section 203, which permits an employee to recover waiting time penalties for unpaid wages,
26   including unpaid sick leave.

27   The plain language of section 248.5(e) provides, in relevant part, that an enforcement
28   action by a private litigant can be brought only "under applicable state law," which the Court

4

interprets to mean that it must be brought pursuant to another state law that is not the HWHF itself. Diaz appears to agree with this interpretation of section 248.5(e), because she argues that a private litigant can enforce the HWHF if another statute, such as the UCL, serves as a vehicle for the claim. *See* Opp'n at 1-2, Docket No. 33. In fact, Diaz's Eighth Cause of Action is a UCL claim which under the "unfair" prong would be required to be tethered to a statutory provision, such as the HWHF. *See Gregory v. Albertson's, Inc.* 104 Cal. App. 4th 845, 853 (2002).

Diaz points to no authority showing that a standalone claim for violations of the HWHF (*i.e.*, a claim that is not predicated on another state law that is not the HWHF itself) is cognizable. Diaz also fails to distinguish the authorities cited by defendants for the proposition that a standalone claim for violations of the HWHF fails as a matter of law because the HWHF does not contain a private right of action. *E.g.*, *Titus v. McLane Foodservice, Inc.*, No. 216CV00635KJMEFB, 2016 WL 4797497, at *4 (E.D. Cal. Sept. 14, 2016) (dismissing standalone claim for violations of the HWHF without leave to amend "because there is no private right of action to enforce that provision"). In light of the foregoing, the Court grants defendants' motion for judgment on the pleadings with respect to Diaz's standalone claim for violations of the HWHF. The Court will grant Diaz leave to amend the complaint to state a claim against defendants arising out of their alleged denial of paid sick leave to Diaz and the putative class members under any other statute that could serve as a vehicle, including any other applicable provisions of the California Labor Code, including, but not limited to, California Labor Code section 233.

//

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion for judgment on the pleadings with respect to Diaz's standalone claim for violations of the HWHF, which is the fifth claim in the FAC. The Court grants Diaz **LEAVE TO AMEND** the complaint to state a claim against defendants arising out of their alleged denial of paid sick leave to Diaz and the putative class members under any other statute that could serve as a vehicle, including any other applicable provisions of the California Labor Code, including, but not limited to, California Labor Code section 233.

This order terminates Docket Number 32.

**IT IS SO ORDERED.**

Dated: October 26, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**